1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN GLIHA,

11              Plaintiff,                    No. 2:12-cv-02781-KJM-CMK

12        v.

13   BUTTE-GLENN COMMUNITY COLLEGE
     DISTRICT, et al.,

14
              Defendants.                    <u>ORDER</u>
15
     _____/
16

17          The matter comes before the court on the one named defendant's motion to

18   dismiss the complaint.[1]  The court ordered the motion submitted without argument.  For the

19   reasons stated below, the court GRANTS the motion in part and DENIES it in part: the claims

20
     _____
21          [1] The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through
     discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the
22   alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*,
     177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.
23   1980)).  Plaintiff is warned, however, that such defendants will be dismissed where "'it is clear
     that discovery would not uncover the identities, or that the complaint would be dismissed on
24   other grounds.'" *Id*. (quoting *Gillespie*, 629 F.2d at 642).  Plaintiff is further warned that Federal
     Rule of Civil Procedure 4(m), which states that the court must dismiss defendants who have not
25   been served within 120 days after the filing of the complaint unless plaintiff shows good cause,
     is applicable to Doe defendants.  *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011
26   U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567
     LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

1  for discrimination based on a perceived disability and failure to accommodate a perceived

2  disability are dismissed with prejudice; the claim for discrimination based on sexual orientation

3  is dismissed with leave to amend; and the motion to dismiss the claim for retaliation is denied.

4  I.      FACTS AND PROCEDURAL HISTORY

5              Plaintiff worked as Executive Director of Development for the Butte-Glenn

6  Community College District (the "District") from September 2005 to August 2012.  (Compl.,

7  ECF 2, ¶¶ 8, 19.)  His job was to raise funds and manage the endowment for the Butte College

8  Foundation.  (*Id.* ¶ 8.)  He states he performed admirably at his position, instituted a series of

9  fund-raising programs, and worked well with other employees.  (*Id.* ¶¶ 10-11.)

10             Plaintiff alleges that beginning at least in June 2011, Les Jauron, Vice-President

11  for Planning and Information at the District, subjected plaintiff to "hyperscrutiny" and set

12  plaintiff up for termination.  (*Id.* ¶ 12.)  On June 15, 2011, Jauron issued plaintiff a "Formal

13  Reprimand and Performance Improvement Plan," which contained accusations that plaintiff had

14  denigrated the efforts of the Public Relations and Marketing Department.  (*Id.*)  The Formal

15  Reprimand also accused plaintiff of "bullying" employees, of disloyalty to Jauron, and creating a

16  hostile work environment.  (*Id.*)  Jauron ordered plaintiff to undergo counseling for "Passive-

17  Aggressive" behavior, although he has never been diagnosed with this condition.  (*Id.*)  Plaintiff

18  alleges that, at various later dates, he was wrongfully accused by Jauron of bullying, in addition

19  to acting unprofessionally toward employees and other contacts within the community.  (*Id.*)  On

20  March 25, 2012, plaintiff met with the President of the District, to express concerns that Jauron

21  engaged in discriminating behavior toward him because of his sexual orientation, at which point

22  he also stated to the President that he was gay.  (*Id.* ¶ 13.)  Plaintiff states that a perfunctory

23  investigation was made after he again raised the issue with the President in May 2012.  (*Id.*)  The

24  investigation found no merit to plaintiff's complaints.

25             On May 9, 2012, the President of the District told plaintiff that he was to be

26  terminated from employment, and that he could either submit a separation proposal within ten

1  days, or Butte College would begin legal termination proceedings against him.  (*Id.* ¶ 14.)

2  Plaintiff submitted a letter to the President in response, noting that he had been in a hostile work

3  environment since he had been placed under Jauron's supervision, in the Summer of 2008.

4  (¶ 15.)  In a letter on July 10, 2012, the President stated that plaintiff's employment with the

5  college was terminated, effective on August 9, 2012.  (*Id.* ¶ 17.)

6       On September 7, 2012, plaintiff filed his complaint in the Butte County Superior

7  Court.  On November 13, 2012, the District removed the case to this district because plaintiff's

8  suit includes a claim under 42 U.S.C. § 1983.  (ECF 7-1 at 6.)

9       The complaint asserts five causes of action: 1) perceived disability discrimination

10  under the California Fair Employment and Housing Act ("FEHA", CAL. GOV'T CODE § 12940

11  et seq.); 2) Sexual Orientation Discrimination under the FEHA § 12940 et. seq.; 3) Failure to

12  Accommodate a Perceived Disabling Condition under the FEHA § 12940 et. seq.; 4) Retaliation

13  under the FEHA § 12940 et. seq.; and 5) Deprivation of Liberty and Property Interests in

14  violation of 42 U.S.C. § 1983.

15       On October 20, 2012, the District filed the pending motion to dismiss the four

16  state law claims under the FEHA; it does not address the federal question claim under § 1983.

17  (ECF 7.)  Plaintiff filed an opposition on January 17, 2013.  (ECF 8.)  The District filed a reply

18  on January 24, 2013.

19  II.   <u>STANDARD</u>

20       Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

21  dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

22  dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

23  under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

24  1990).

25       Although a complaint need contain only "a short and plain statement of the claim

26  showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion

1   to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a

2   claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

3   (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include

4   something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or

5   "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.*

6   (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to

7   dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to

8   draw on its judicial experience and common sense."  *Id.* at 679.  Ultimately, the inquiry focuses

9   on the interplay between the factual allegations of the complaint and the dispositive issues of law

10  in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

11          In making this context-specific evaluation, this court must construe the complaint

12  in the light most favorable to the plaintiff and accept as true the factual allegations of the

13  complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "'a legal

14  conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986)

15  (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject

16  to judicial notice" or to material attached to or incorporated by reference into the complaint.

17  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).

18  III.    ANALYSIS

19          A.    Supporting Documents in the Complaint and Motion to Dismiss

20          In the complaint, plaintiff refers to numerous documents in support of his good

21  character and conduct, including performance evaluations and other written comments from

22  colleagues and his supervisors.  Plaintiff also refers to notices and letters he received related to

23  the disciplinary action against him and his eventual termination.  (Compl. ¶¶ 11-12, 16.)   With

24  its motion to dismiss, the District attaches copies of the documents referred to by plaintiff:

25  performance evaluations from 2007, 2008, and 2010 (ECF 7-2, Exs. A-D); documents regarding

26  the 2011 and 2012 Formal Reprimand and Performance Improvement Plan (*id.*, Exs. E-G); and

4

1    documents regarding his dismissal, including the July 2, 2012 "Notice of Intention to

2    Recommend Dismissal" and the July 10, 2012 "Statement of Charges" (*id.*, Exs. H-I).

3            Under the "incorporation by reference" doctrine, courts may take into account

4    "documents whose contents are alleged in a complaint and whose authenticity no party

5    questions, but which are not physically attached to the [plaintiff's] pleading." *Davis v. HSBC*

6    *Bank Nevada*, N.A., 691 F.3d 1152, 1160 (9th Cir. 2012) (quoting *Knievel v. ESPN*, 393 F.3d

7    1068, 1076 (9th Cir. 2005)).  "A court 'may treat such a document as part of the complaint, and

8    thus may assume that its contents are true for purposes of a motion to dismiss under Rule

9    12(b)(6).'" *Id.* (quoting *United States. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

10   Furthermore, "[w]e have extended the 'incorporation by reference' doctrine to situations in

11   which the plaintiff's claim depends on the contents of a document, the defendant attaches the

12   document to its motion to dismiss, and the parties do not dispute the authenticity of the

13   document, even though the plaintiff does not explicitly allege the contents of that document in

14   the complaint." *Knievel*, 393 F.3d at 1076 (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th

15   Cir.1998)).

16           The court may consider the District's attached documentation: neither side has

17   disputed their authenticity and plaintiff's complaint refers to and quotes from the documents in

18   support of the claim that he was performing admirably at his job and was unlawfully terminated.

19   An initial review of the documents evinces both what plaintiff and the District say.  However,

20   the court finds it unnecessary to consider these documents further in ruling on the present motion

21   to dismiss.  Plaintiff's complaint and the District's motion elaborate adequately upon the

22   substance and meaning of plaintiff's performance evaluations and the letters related to his

23   disciplining and eventual termination.  Based on the complaint and the motion alone, the court is

24   able to determine whether plaintiff has adequately pled a plausible claim for relief.

25   /////

26   /////

1     B.     Discrimination Based on a Perceived Disability and Failure to
             Accommodate a Perceived Disability

2

3           The court looks at the first and third causes of action together - discrimination

4    based on a perceived disability and failure to accommodate a perceived disability - because they

5    are based on the claim that "passive-aggressive" disorder is protected by the FEHA.  Plaintiff

6    states that Vice President Jauron and President Kimberly Perry wrongfully perceived him as

7    having the disability of passive-aggressive disorder, which motivated the District to terminate

8    plaintiff from his job.  (Compl. ¶¶ 12, 24, 34.)  Jauron stated plaintiff should undergo counseling

9    for passive-aggressive disorder following the issuance of the June 15, 2011 Formal Reprimand

10   and Performance Improvement Plan, and again in a letter dated February 28, 2012.  (*Id.* ¶ 12.)

11   Plaintiff states he has never been diagnosed with this condition.  (*Id.*)

12          Because of the similarity between state and federal employment discrimination

13   laws, California courts have looked to federal precedent when applying California statutes.

14   *Wills v. Superior Court*, 195 Cal. App. 4th 143, 159 (2011) (citing *Guz v. Bechtel National, Inc.,*

15   24 Cal. 4th 317, 354 (2000)).  "In particular, California has adopted the three-stage burden-

16   shifting test established by the United States Supreme Court for trying claims of discrimination."

17   *Id.* (referring to the test articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-05

18   U.S. (1973)).

19          In the first stage, the plaintiff bears the burden to establish a prima facie case of

20   discrimination.  *Wills*, 195 Cal. App. 4th at 160.  The burden then shifts to the defendant to give

21   a legitimate nondiscriminatory reason for its employment decision.  *Id.*  Finally, the burden shifts

22   back to the plaintiff to establish that the defendant's action constituted intentional discrimination.

23   *Id.*

24   /////

25   /////

26   /////

The FEHA states that it is prohibited:

> For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

CAL. GOV'T CODE § 12940.

The FEHA explains mental disability as:

> (1) Having any mental or psychological disorder or condition, such as intellectual disability, organic brain syndrome, emotional or mental illness, or specific learning disabilities, that limits a major life activity.
>
> For purposes of this section:
>
> (A) "Limits" shall be determined without regard to mitigating measures, such as medications, assistive devices, or reasonable accommodations, unless the mitigating measure itself limits a major life activity.
>
> (B) A mental or psychological disorder or condition limits a major life activity if it makes the achievement of the major life activity difficult.
>
> (C) "Major life activities" shall be broadly construed and shall include physical, mental, and social activities and working.
>
> (2) Any other mental or psychological disorder or condition not described in paragraph (1) that requires special education or related services.
>
> (3) Having a record or history of a mental or psychological disorder or condition described in paragraph (1) or (2), which is known to the employer or other entity covered by this part.
>
> (4) Being regarded or treated by the employer or other entity covered by this part as having, or having had, any mental condition that makes achievement of a major life activity difficult.

/////

(5) Being regarded or treated by the employer or other entity covered by this part as having, or having had, a mental or psychological disorder or condition that has no present disabling effect, but that may become a mental disability as described in paragraph (1) or (2).

CAL. GOV'T CODE § 12926(j).

Section 12926.1, subdivision (c), of the FEHA explains: "[T]he legislature has determined that the definitions of 'physical disability' and 'mental disability' under the law of this state require a 'limitation' upon a major life activity, but do not require, as does the Americans with Disabilities Act of 1990, a 'substantial limitation.'  This distinction is intended to result in broader coverage under the law of this state than under the federal act."  *See Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 258 (2000).  The language of the FEHA, on its face, does contemplate the "perception" of a disability as a possible grounds for a wrongful termination claim.  Section 12926.1, subdivision (b), states it is "the intent of the Legislature that the definitions of physical disability and mental disability be construed so that applicants and employees are protected from discrimination due to an actual or *perceived* physical or mental impairment that is disabling, potentially disabling, or *perceived* as disabling or potentially disabling." (Italics added.)  Section 12926, subdivisions (i)(4) & (k)(4), include in the definition of physical disability and mental disability "[b]eing *regarded* or treated by the employer or other entity covered by this part as having, or having had, any [physical or mental] condition that makes achievement of a major life activity difficult." (Italics added.)  *See Gelfo v. Lockheed Martin Corp.* 140 Cal. App. 4th 34, 49-54 (2006).

Notwithstanding the foregoing, the court has not located, and plaintiff has not provided, any reason to include "passive aggressive" disorder, standing alone, within the meaning of "disability" as explained in the FEHA.  Plaintiff also denies being diagnosed with this disorder.  (Compl. ¶ 12.)  On the other hand, an inability to get along with one's supervisor does not give rise to a disability within the meaning of either the FEHA or the ADA.  *See Hobson v. Raychem Corp.*, 73 Cal. App. 4th 614, 628 (1999), *overruled on other grounds by*

*Colmenares v. Braemar Country Club, Inc.,* 29 Cal.4th 1019, 1031 (2003) ("The federal courts interpreting the ADA as well as all California courts which have interpreted the FEHA, have uniformly declined to extend protection to persons whose alleged disabilities rendered them unable to perform a particular job even though they might have been physically able to work in a different position ... [citations omitted] ... In other words, the inability to perform one particular job, or to work under a particular supervisor, does not constitute a qualified disability." [citations omitted]; *see also Swehla v. Teachers' Ret. Bd.,* 192 Cal. App. 3d 1088, 1091, 1095 (1987) (holding that teacher who claimed to suffer from passive aggressive disorder, among other problems with anxiety and motivation, was not disabled within the meaning of the California Education Code § 22122); *Palmer v. Circuit Court of Cook County, Ill.,* 117 F.3d 351, 352 (7th Cir. 1997) ("A personality conflict with a supervisor or coworker does not establish a disability within the meaning of the disability law, [citation], even if it produces anxiety and depression, as such conflicts often do."); *Brunke v. Goodyear Tire and Rubber Co.*, 344 F.3d 819, 822 (8th Cir. 2003) ("Where there is no medical evidence of a mental or psychological disorder, as in this case, an employee does not establish a *prima facie* case of ADA 'regarded-as' disability simply because he or she was disciplined or discharged for failure to get along with co-workers or supervisors.").

Rule 15(a) of the Federal Rules of Civil Procedure instructs that leave to amend "shall be freely given when justice so requires."  However, "the liberality in granting leave to amend is subject to several limitations.  Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (internal citations omitted).  "[The district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'"  *Id*. at 1161 (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987).

1    While plaintiff has not yet amended his complaint, his first and third claims

2  manifest an exercise in futility and allowing amendment would create undue delay.  Plaintiff's

3  complaint does not allege that plaintiff is disabled and in fact denies his ever being diagnosed as

4  having a disability.  (Compl. ¶ 12.)  The court finds that passive aggressive disorder is not

5  contemplated by the FEHA as a disability.  Therefore, plaintiff's first cause of action for

6  discrimination based on a perceived disability, and third cause of action for failure to

7  accommodate a perceived disability, both are dismissed with prejudice.

8    C.    Discrimination Based on Sexual Orientation

9    Plaintiff's second cause of action is for discrimination based on sexual

10  orientation.  It does not appear that plaintiff is alleging "harassment based on a hostile work

11  environment," in which case plaintiff would ultimately have to demonstrate that "the conduct

12  complained of was severe enough or sufficiently pervasive to alter the conditions of employment

13  and create a work environment that qualifies as hostile or abusive to employees because of their

14  [sexual orientation]."  *Hope v. California Youth Auth.*, 134 Cal. App. 4th 577, 588 (2005) (citing

15  *Miller v. Department of Corrections*, 36 Cal. 4th 446, 462 (2005)).  Rather, this claim appears to

16  arise specifically from the disciplinary action initiated by Jauron and Perry, namely plaintiff's

17  termination, which plaintiff alleges was motivated by his sexual orientation.  (Compl. ¶ 29.)  As

18  with plaintiff's disability discrimination claim, plaintiff must establish a *prima facie* case that the

19  District engaged in discrimination.  To make this case, "[g]enerally, the plaintiff must provide

20  evidence that (1) he was a member of a protected class, (2) he was qualified for the position he

21  sought or was performing competently in the position he held, (3) he suffered an adverse

22  employment action, such as termination, demotion, or denial of an available job, and (4) some

23  other circumstance suggests discriminatory motive. [Citations.]"  *Slatkin v. Univ. of Redlands*,

24  88 Cal. App. 4th 1147, 1158 (2001) (citing *Guz*, 24 Cal.4th at 355); *see also Rux v. Starbucks*

25  *Corp.*, No. 2:05-CV-02299-MCE-EFB, 2007 WL 1470134, at *5 (E. D. Cal. May 18, 2007)

26  (applying the test to evaluate a claim of discriminatory discharged because of sexual orientation).

1    Plaintiff here does not provide sufficient allegations of a discriminatory motive by

2    the District.  He makes a general assertion that Jauron discriminated against him because he was

3    gay.  (Compl. ¶ 13.)  Plaintiff brought up the matter with the Perry on March 25, 2012 and on

4    May 17, 2012.  (*Id.*)  A "perfunctory" investigation then ensued, which did not find merit to

5    plaintiff's claims.  (*Id.*)

6    These allegations are nothing more than a formulaic recitation of the elements of

7    a valid discrimination claim.  *See Iqbal*, 556 U.S. at 678.  This claim is dismissed with leave to

8    amend, if plaintiff is able to amend in compliance with Federal Rule of Civil Procedure 11.

9        D.    Retaliation

10    Plaintiff's fourth claim alleges that the District terminated him in retaliation for

11    opposing its discriminatory practices.  Plaintiff again cites to his meetings with the President in

12    March and May 2012, in which he revealed he was gay and thought he was subject to

13    discrimination by the Vice President.  (Compl. ¶ 41.)  On May 9, 2012, the President told the

14    plaintiff that his employment was to be terminated and that he "did not fit in with the culture" at

15    Butte College.  (*Id.*)  On July 2, 2012, the President issued a letter recommending plaintiff's

16    dismissal.  (*Id.*)  Plaintiff argues there is a causal link between these meetings with the President

17    and the subsequent dismissal, forming a basis for a retaliation claim.

18    "Past California cases hold that in order to establish a prima facie case of

19    retaliation under the FEHA, a plaintiff must show (1) he or she engaged in a 'protected activity,'

20    (2) the employer subjected the employee to an adverse employment action, and (3) a causal link

21    existed between the protected activity and the employer's action. [citations]"  *Yanowitz v.*

22    *L'Oreal USA, Inc.,* 36 Cal. 4th 1028, 1042 (2005).

23    With respect to the first element, plaintiff states he reasonably believed that the

24    conduct directed at him by Jauron was discriminatory, in violation of the FEHA as well as the

25    District's own policies and procedures. Therefore he expressed his complaints to President Perry

26    on March 25, 2012 and on May 17, 2012.  The language of section 12940(h) of the FEHA makes

it an unlawful employment practice "[f]or any employer … to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."  In addition, "it is well established that a retaliation claim may be brought by an employee who has complained of or opposed conduct that the employee reasonably believes to be discriminatory, even when a court later determines the conduct was not actually prohibited by the FEHA." *Yanowitz*, 36 Cal. 4th at 1042.  Plaintiff in the instant case, who made complaints to a superior of conduct that he reasonably believed was discriminatory, engaged in a protected activity.

With respect to the second and third elements of this claim, plaintiff alleges he was terminated, an adverse employment action, specifically because of his complaints.  Plaintiff argues that the closeness in time between these complaints on March 25, 2012 and May 17, 2012, and the increased hostility, such as Perry's statement on May 9, 2012, that plaintiff "did not fit in with the culture," as well as the notice of dismissal signed by Perry on July 2, 2012, also shows a causal link between his complaints and his termination.  (Compl. ¶ 41.)  In response, the District states that the closeness in time between the complaints and plaintiff's termination is irrelevant because the District was already considering ending plaintiff's employment, prior to the complaints.  (Def.'s Mot. to Dismiss, "Mot.," ECF 7-1, at 14-15.)

If plaintiff's entire argument for the "causal link" element in his retaliation claim is based upon "temporal proximity" between his complaints and an adverse employment action, and if the employer was already contemplating the adverse action prior to the complaints, then the temporal proximity cannot constitute a causal link.  *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001) ("Employers need not suspend previously planned transfers upon discovering that a Title VII [of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–3(a)] suit has been filed, and their proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality."); *Chen v. County of Orange*, 96 Cal. App. 4th

926, 931 (2002) ("[I]t is well established that a plaintiff in a retaliation suit must show, as part of his or her prima facie case, some causal connection between an adverse employment action and the original complaint of discrimination. Mere sequence is not enough - that would be the classic logical fallacy of "post hoc ergo propter hoc" (after the fact, therefore because of the fact").).

The case law cited by the District, including *Clark* and *Chen*, involved either a motion for summary judgment or a review of jury findings.  While the District offers ample evidence that it had reprimanded plaintiff multiple times in the months prior to his March 25, 2012 and May 17, 2012 complaints (Mot. at 15-16), the existence and merits of this evidence is for consideration at the fact-finding stage of suit.  Plaintiff has pled sufficient facts to progress beyond a motion to dismiss, in the face of which he must have raised only a plausible claim to relief. The District's motion to dismiss this claim is denied.

IV.    <u>CONCLUSION</u>

For the reasons stated herein, the claims for discrimination based on a perceived disability and failure to accommodate a perceived disability are dismissed with prejudice.  The claim for discrimination based on sexual orientation is dismissed with leave to amend.  The motion to dismiss the claim for retaliation is denied.

IT IS SO ORDERED.

DATED:  June 14, 2013.

_____
UNITED STATES DISTRICT JUDGE